UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                :

PATRICK DONOHUE, individually and as Parent and  :
Natural Guardian of S.J.D.,               :
                :

           Plaintiffs,,       :       26-CV-5329 (JMF)
                :

      -v-           :      MEMORANDUM OPINION
                :        AND ORDER

KAMAR H. SAMUELS et al.,       :
                :

           Defendants.     :
                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 26, 2026, Plaintiffs filed an "emergency" motion for a temporary restraining order ("TRO") and preliminary injunction. *See* ECF No. 6. Later that day, the Court issued an order directing Defendants to file a letter brief in response to the motion for a TRO no later than today and providing that, "[u]nless and until the Court orders otherwise, Defendants shall file any opposition to the motion for a preliminary injunction, in accordance with the Local Civil Rules, by July 10, 2026, and Plaintiffs shall file any reply by July 17, 2026." ECF No. 11. Thereafter, the Court learned that this case was the first of dozens that were filed by Liberty & Freedom Legal Group in connection with students at iBrain. The Court advised the parties that most, if not all, of these cases were likely to be reassigned to the undersigned today and that, "[u]pon reassignment," the Court was "inclined to consolidate the cases, at least for the purposes of resolving any motions for emergency relief; to vacate all orders except for the orders in this case, see ECF No. 11; and to decide the emergency motions in all cases based on the briefing in this case." ECF No. 13. The Court directed the parties to address that proposal in letters due today and scheduled a conference for tomorrow morning at 11:15 a.m.

Plaintiffs' counsel filed a letter indicating that "Plaintiffs do not object to consolidation for the limited purpose of resolving the pending emergency stay-put applications, provided the schedule permits a ruling before July 1, 2026." ECF No. 14, at 1. In addition, Plaintiffs' counsel requested acceleration of the preliminary injunction briefing schedule — with Defendants' "consolidated opposition" to the motion for preliminary injunction due today and Plaintiffs' reply due tomorrow morning by 9 a.m. *Id.* at 2. Finally, citing the pending motion for sanctions in *Fiallos v. Aviles-Ramos*, No. 25-cv-7281 (JMF), a "factually and contractually distinct" case involving "the same Defendants, firm, school, and category of emergency stay-put relief at issue," Plaintiffs' counsel "request[ed] that, if the cases are consolidated, the Court consider whether the consolidated proceeding should be assigned in the first instance to another judge of this District." *Id.* Although not formally moving for recusal, Plaintiffs' counsel observed that consolidation "gives rise to the appearance question: Whether a reasonable, fully informed observer might question, under 28 U.S.C. § 455(a), routing dozens of new emergency applications to the one judge who holds a fully briefed sanctions motion against the same firm for prior related filings, and who is the only judge to have entertained such a motion to date." *Id.*

To the extent that Plaintiffs' counsel requests reassignment of the cases, which have largely now been reassigned to the undersigned, to a different District Judge, the request is denied as frivolous. Although Plaintiffs' counsel cites 28 U.S.C. § 455, he conspicuously does not move for recusal. Nor would the mere fact that the undersigned is presiding over a different case in which Defendants here have moved for sanctions provide a basis for recusal. The Court has not yet ruled on that motion — it is merely under advisement. And regardless, neither the Court's rulings in *Fiallos* nor the opinions the Court may have expressed about counsel or the parties in that case provide any basis for recusal. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540,

2

555 (1994) ("First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

In the absence of any basis for recusal, there is certainly no reason for reassignment. Plaintiffs' counsel concedes that a single judge should address the emergency motions in this and the later-filed cases given that they involve common questions. Under the Court's procedures, that means assigning them to the judge who was randomly assigned to the first-filed case — namely, the undersigned. To do otherwise would be to deviate from the principle of random assignment without reason. And in event, it is well established that a litigant has neither "a right to have his case heard by a particular judge," *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984), nor a "right to any particular procedure for the selection of the judge," *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987); *see also United States v. Khatiwala*, Criminal Case No. DKC 23-390, 2024 WL 1050839, at *5 (D. Md. Mar. 11, 2024) (noting that while "random assignment promotes confidence in the judicial system," there may "be countervailing policies that, at times, override that principle"). *See generally Brik v. Brodie*, No. 23-CV-4330 (LJL), 2024 WL 1604194, at *7 (E.D.N.Y. Apr. 12, 2024). Accordingly, Plaintiffs' counsel's request for

3

reassignment of this case and those that followed is DENIED.

The Court will address consolidation (namely, whether this case and the others assigned, now or in the future, to the undersigned should be consolidated and, if so, whether for limited purposes or all purposes) and the briefing schedule for Plaintiffs' preliminary injunction motion at the conference tomorrow.  (To the extent that Plaintiffs propose that Defendants' opposition be due today and their reply be due tomorrow morning at 9 a.m., the request is denied as patently unreasonable.  It is also unnecessary in light of Plaintiffs' motion for a TRO.)  In addition to those issues, the parties should be prepared to address:

(1)    Whether there are other cases involving common questions of law and fact that have not yet been assigned to the undersigned (including whether Plaintiffs' counsel anticipates filing any more such cases in the future);

(2)    Whether there is a need for discovery or an evidentiary hearing in connection with the motion for a preliminary injunction and, if so, (a) whether and to what extent discovery in this case can or should be coordinated with discovery ongoing in other cases involving students enrolled at iBrain, including *Mendez v. Aviles-Ramos*, No. 25-CV-5746 (CM); and (b) whether these cases should be reassigned and referred to Magistrate Judge Cave for purposes of discovery;

(3)    Whether trial on the merits should be advanced and consolidated with any preliminary injunction hearing, *see* FED. R. CIV. P. 65(a)(2);

(4)    Settlement, including whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case the use of such a mechanism would be appropriate; and

(5)    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

SO ORDERED.

Dated: June 29, 2026
    New York, New York

_____
JESSE M. FURMAN
United States District Judge

4