UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PATRICK DONOHUE, individually and as Parent and Natural Guardian of S.J.D., Plaintiffs, | : | 26-CV-5329 (JMF) |
| -v- | : | ORDER |
| KAMAR H. SAMUELS et al., Defendants. | : | |

JESSE M. FURMAN, United States District Judge:

Earlier today, the Court entered a bottom-line Order granting in part and denying in part the motions for preliminary injunctions filed in this case and fifty-three others and vacating the Temporary Restraining Order ("TRO") that the Court had entered on June 30, 2026. Most relevant for present purposes, the Court ruled that for the thirty-seven Plaintiffs as to whom there is no dispute that pendency placement at iBrain is generally appropriate:

- iBrain is each relevant student's pendency placement while litigation at the administrative level unfolds and the DOE is required to make payments for those students' tuition and related services to iBrain and for nursing services to B&H Healthcare based on the amounts approved in the students' prior unappealed final order, but only in accordance with the DOE's ordinary payment procedures and not by any date certain; and

- the DOE is not required to make any payments for transportation services to Sisters Travel based in part on the fact that the DOE offered transportation services through the Office of Pupil Transportation ("OPT") to each student prior to the start of the school year and represents that (1) it is prepared to provide transportation services to each student that are equivalent to the services listed in such student's prior unappealed final order; and (2) OPT has not previously enforced, and will not enforce, the requirement that iBrain submit a valid certificate of occupancy for its building.

Shortly thereafter, Plaintiffs filed a letter requesting (1) a temporary stay of the vacatur of the June 30, 2026 TRO, solely as to those thirty-seven students and solely to the extent necessary to preserve their ability to attend iBrain under the Court-declared pendency placements (including nursing where applicable), through Friday, August 7, 2026, or until further order of the Court; and (2) clarification or direction that the DOE shall, by noon on Monday, or as soon as practicable, confirm and implement concrete, student-specific OPT transportation arrangements

equivalent to the services listed in each student's prior unappealed final order so that the students can actually access the placements the Court has declared. ECF No. 55. Plaintiffs' request is based in part on the fact that, "as of this filing, there is no confirmed, student-specific transportation arrangement in place through OPT that will enable the thirty-seven students to access iBRAIN on Monday." *Id.* at 2. "The June 10 OPT letters," they note, "were tied to the disputed 2026-2027 IEPs rather than to pendency. There has been no meaningful parent outreach by OPT since those letters, and no confirmed routes or Monday start for these students under the prior unappealed final orders that the Court has recognized as establishing pendency." *Id*.

Upon reflection, Plaintiffs' point is well taken insofar as the Court's ruling was based in part on representations that the DOE made during oral argument only yesterday and there are indeed not yet "confirmed, student-specific transportation arrangement[s] in place through OPT that will enable the thirty-seven students to access iBRAIN on Monday." *Id.* Accordingly, subject to reconsideration if the DOE moves for modification,[1] the Court's Order from earlier today is hereby MODIFIED as follows:

- As to the children of the thirty-seven Plaintiffs at issue, no later than **August 14, 2026**, the DOE shall confirm and implement concrete, student-specific OPT transportation arrangements equivalent to the services listed in each student's prior unappealed final order. Until the DOE does so, those Plaintiffs may use Sisters Travel to provide transportation for their children to iBrain, and the DOE shall reimburse Plaintiffs for those costs in accordance with its ordinary payment procedures (and subject to documentation showing that the student actually used Sisters Travel for transportation).

This Order applies to all cases set forth in the Appendix to the Order entered earlier today.

SO ORDERED.

Dated: July 31, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

[1] Ordinarily, the Court would not grant relief without giving the other side an opportunity to be heard. Given the time sensitivities here, however, the Court is acting without awaiting a response from the DOE. That said, the DOE may move for modification or reconsideration of this Order.