NEW YORK STATE EDUCATION DEPARTMENT
OFFICE OF STATE REVIEW
-----------------------------------------------------------------X

In the Matter of the Appeal of J.P,
on behalf of his son C.P., a minor,

                 Petitioner,

-against-

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                 Respondent.

-----------------------------------------------------------------X

**VERIFIED ANSWER
AND CROSS-APPEAL**

SRO Appeal No. 25-370
IH Case No. 275795 & 278002

Respondent, the New York City Department of Education ("DOE"), Augustus K. Balasubramaniam, of Counsel, as and for its Verified Answer and Cross-Appeal to the Request for Review dated June 16, 2025 ("RFR") filed by J.P., parent ("Parent") of C.P. ("Student" or "C.P.") (collectively, "Petitioner"), respectfully requests that the State Review Officer ("SRO") dismiss Petitioner's appeal of Impartial Hearing Officer Kinanda Murray, ("IHO"), Findings of Fact and Decision dated May 6, 2025 ("Decision") with prejudice and uphold Respondent's cross-appeal. Respondent thus responds as follows:

1.     Denies the allegations set forth in pp. 1-10 and ¶¶1-38 of the RFR except admits that Petitioner purports to proceed as set forth therein, that C.P. is a student who has been classified with a disability for the 2023-2024 and 2024-2025 extended school years at issue ("23-24 ESY" and "24-25 ESY" respectively), and refers the SRO to the record below and law cited therein for their true content and meaning.

## AS AND FOR A STATEMENT OF PERTINENT AND MATERIAL FACTS, DOE RESPECTFULLY ALLEGES:

2.     By a December 16, 2022 Prior Written Notice ("PWN"), DOE advised Parent of the final recommendations in the Nov. 2022 IEP. Exh. 3. By a January 24, 2023 PWN, DOE advised Parent of the final recommendation in the Jan. 2023 IEP. Exh. 6. By a June 26, 2024 PWN,

DOE informed Parent of the final recommendation in the Jan. 2024 IEP. A June 26, 2024 School Location Letter assigned Student to a DOE Specialized School for the 24-25 ESY. Exh. 20.

3.    Parent commenced these proceedings by a due process complaint ("DPC") filed on June 25, 2024 under #275795. Exh. A. In the DPC, Parent claimed, *inter alia*, that the DOE failed to offer the Student a FAPE for the 2022-2023 and 2023-2024 and earlier SYs. *Id.*

4.    On July 9, 2024, Parent filed a second DPC under #278002, which requested consolidation with DPC 275795 and alleged, *inter alia*, a denial of FAPE for the 24-25 ESY. As relief, Parent sought, *inter alia*, pendency; funding for the student's unilateral placement for the ESY at iBrain; funding for special transportation for the ESY; and funding for nursing services. The DPCs were consolidated on July 30, 2024 and IHO appointed on April 3, 2025. On April 8, 2025, Parent withdrew claims for 2022-2023. Tr. 15 at 5 (04/08/2025).

5.    The IHO found the DOE denied Student a FAPE for the 23–24 and 24–25 ESY. Decision, pp. 3–4. The IHO found that iBrain was an appropriate unilateral placement. *Id.*, p. 5. The IHO declined to reduce tuition based on equitable considerations. *Id.* The IHO limited funding for nursing services to the market rate. *Id.*, p. 7. The IHO ordered the DOE to conduct an assistive technology evaluation. *Id.*, p. 6. The IHO denied the Parent's remaining requests for independent evaluations. *Id.*, p. 7.

6.    Parent appeals the IHO's decision to: (1) cap 23–24 ESY nursing services at market rate; (2) deny 24–25 ESY nursing services at contractual rates; (3) deny funding for independent educational evaluations; and (4) deny compensatory education.

## AS AND FOR A FIRST ANSWER / CROSS-APPEAL: THE DOE OFFERED THE STUDENT A FAPE

7.    The SRO should reverse the IHO's finding that DOE did not offer Student a FAPE for 23-24 and 24-25 ESY and deny Petitioner's request for public funding for placement at iBrain.

2

8. Providing a FAPE pursuant to the IDEA entails both procedural and substantive elements. *Mr. P v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 748–49, 756–57 (2d Cir. 2018). A procedural violation warrants relief "only if it: '(I) impeded the child's right to a [FAPE]; (II) significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of a [FAPE] to the parents' child; or (III) caused a deprivation of educational benefits.'" *Id.* at 748. A school district can meet the IDEA's substantive obligations by offering "a meaningful educational program that was reasonably calculated to enable [the student] to make progress in light of [the student's] circumstances." *Id.* at 756–57.

9. Here, the IHO wrongly found the DOE had not offered Student a FAPE given the evidence in the record and scope of allegations raised in the DPC. IHO Decision at 3-4, *see* 8 NYCRR § 200.5(j)(l)(ii) (limiting the scope of an impartial hearing to issues raised in the DPC).

10. The IHO found against DOE and concluded it failed to establish Student was offered a FAPE for the 23-24 and 24-25 ESY. IHO Decision pp. 3-4. For the 23-24 ESY, the IHO found DOE's evidence did not explain whether the recommended class size was appropriate, how the CSE determined the appropriate class size and did not address if Student has made progress. *Id.* p. 4. The IHO also found, for the 24-25 ESY, DOE did not provide sufficient evidence as to the appropriateness of services such as an AT device, nursing services, and limited bus travel. *Id.*

11. In the IEP dated Jan. 24, 2023 ("Jan. 2023 IEP"), the CSE recommended a placement in a 12:1+(3:1) special education class in a specialized school. Exh. 5 pp. 26-27. It also recommended individual related services of occupational therapy ("OT") 3x weekly for 30 min., Parent Counseling and Training ("PCT") group monthly for 60 min., physical therapy ("PT") 2x weekly for 2 minute and 1x weekly for 30 min., and speech-language therapy ("SLT") 3x weekly for 30 min; ESY, a 0.8 paraprofessional, and special transportation *Id.* p. 26-28.

12.     In the IEP dated Jan. 22, 2024 ("Jan. 2024 IEP"), the CSE recommended a placement in a 12:1+(3:1) special education class in a specialized school with OT 3x weekly for 30 minutes, PCT group monthly for 60 minutes, PT 3x weekly for 30 min; and SLT 3x weekly for 30 min; ESY; 0.8 paraprofessional; and special transportation. Exh. 13 pp. 23-25.

13.     The Jan. 2023 IEP team had a clear understanding of the student's levels of performance,  and had access to current assessments *Id.* pp.1-4.  Elizabeth Delianites, School Psychologist ("DOE Witness") testified that a 12:1+(3:1) special class was recommended for the ESY. Exh. 21-4. DOE Witness testified the IEP demonstrated the team had all necessary information to get a snapshot of the deficits and performance and make meaningful progress. *Id.* p.4-5. Thus, the IHO erred in concluding the DOE's evidence did not give any explanation of whether the recommended class size was appropriate. Decision., p 4.

14.     The Jan. 2024 IEP recommendations remained the same as the Jan. 2023 IEP, with an increase in PT to 3x 30 minutes weekly. *Supra* 17.

15.     DOE Witness also testified the Jan. 2024 IEP was sufficient to serve Student's needs as the team had a clear and concise Present Level of Performance section which demonstrated the team had the necessary information to ascertain Student's abilities, deficits, and performance. Exh. 21-7.  DOE Witness stated the Jan. 2024 team discussed the student's AT needs and that it seemed unclear whether Student would benefit from such a device. *Id.* p. 6.

16.     The IHO found both Jan. 2023 and Jan. 2024 IEPs did not comply with the IDEA's procedural requirements and were not reasonably calculated to enable Student to receive educational benefits. Decision pp. 4. The IHO concluded DOE Witness did not offer any explanation of how the IEP teams arrived at their conclusions and that DOE failed to address specific FAPE claims raised by Parent, such as whether Student required a 1:1 nurse. However, the

4

record evidence does not support this finding. DOE Witness states that nursing services were not discussed as Student already had adequate levels of 1:1 support. Exh. 21-5. Though DOE Witness was not present at the IEP meetings at issue, she participated in Student's December 2024 IEP meeting and could provide credible and plausible testimony on the factors considered in creating the two IEPs. Exh. 21-3.

17.    IHO found that the IEPs did not address C.P.'s progress or lack of it. Decision p. 4. Yet, the record demonstrates the Jan. 2023 and Jan. 2024 IEP teams' reasoning. Exh. 5, 13. DOE Witness provided credible testimony as to the IEP teams' decision making process, including the teams' taking account of Student's progress (or lack thereof).  Exh. 21; See also Tr. 217-243.

18.    The Jan. 2023 and Jan. 2024 IEPs recommend C.P. receive transportation with accommodations: 1:1 paraprofessional, a lift bus, air conditioning, wheelchair access, and limited travel time, addressing C.P.'s need for safe school transportation. Exh. 5, p. 31.

19.    As the DOE can establish its burden on documents alone, its disclosure is sufficient. *See* Appeal No. 23-090; 23-005. Based on the foregoing, the SRO should reverse IHO on Prong I (which rested on the sufficiency of the DOE's evidence) and deny Parent's request for relief.

### AS AND FOR A SECOND ANSWER/ CROSS-APPEAL:  PARENT HAS NOT DEMONSTRATED THAT IBRAIN IS APPROPRIATE

20.    Parents seeking funding or reimbursement for their unilateral placement "bear the burden of demonstrating that their private placement was appropriate, even if the IEP was inappropriate." *Gagliardo v. Arlington Central School District*, 489 F.3d 105 (2d Cir. 2006). A private school placement must be "proper under the Act." *Florence v. Carter*, 510 U.S. 7, 12, 15 (1993); *Burlington*, 471 U.S. 359, 370 (1985). So, the private school must have offered an educational program which met student's special education needs. *See Gagliardo*, 489 F.3d at 112, 115; *Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363-64 (2d Cir. 2006). A "private

placement is only appropriate if it provides 'educational instruction specifically designed to meet the unique needs of a handicapped child.'" *Gagliardo*, 489 F.3d at 115.

21.    While Parent provided reports in their disclosure, they did not include testimony from any providers who worked directly with C.P. Exh. A-V *See* Tr. 270-295. Instead, Parent offered testimony from the Deputy Director of Special Education at iBrain, who did not provide any specificity regarding C.P.'s needs or performance. Exh. T; *See Also* Tr. 270-295. Nor did Parent even include a schedule or any attendance records in their disclosure. *See* Exh. A-V. So, it is impossible from the record to confirm how much of C.P.'s day is dedicated to academics, how many days C.P. attended school (which is pertinent given his medically fragile condition), or how many sessions of related services C.P. received.

22.    Further, Parent failed to establish Sisters Transportation was appropriate for C.P. In the DPC, Parent argues C.P. needed certain services to render the transportation appropriate – e.g., a 1:1 transportation paraprofessional, limited travel time, a lift bus, etc. *See* Exh. A, p. 8. However, Parent offered no testimony or evidence to establish that Sisters Transportation offered these services, how they were offered, and when was the student to be picked up from home and dropped off after school. Thus, the IHO should not have awarded transportation costs to C.P.

23.    As Parent failed to establish the appropriateness of iBrain and Sisters Transportation, the SRO should vacate the IHO's award of tuition and transportation. In the alternative, the SRO should rule that transportation be limited to actual use.

**<u>AS AND FOR A THIRD ANSWER / CROSS-APPEAL: THE EQUITIES DO NOT FAVOR AWARDING ANY RELIEF</u>**

24.    The third prong of the Burlington/Carter test asks whether equitable considerations favor an award of relief. *Ventura de Paulino*, 959 F.3d at 526–27. Courts have long recognized that public funding may be reduced or denied based on a finding of unreasonableness with respect

to actions taken by or on behalf of parents and/or with respect to costs incurred by parents. *E.M. v. NYC Dep't of Educ.*, 758 F.3d 442, 461 (2d Cir. 2014). In addition, if parents wish to avail themselves of the self-help remedy of unilaterally obtaining special education and services for their children, they must provide the DOE with ten days' notice of this intention. 20 U.S.C. § 1412(a)(10)(C)(iii)(1); 34 CFR 300.148(d)(1); see SRO Appeal No. 22-024 at 24. Failure to provide such notice can warrant the denial of public funding for any such services. *See, e.g., S.W. v. NYC Dep't of Educ.*, 646 F. Supp. 2d 346, 361–63 (S.D.N.Y. 2009).

25. Here, by letters dated March 13, 2023 and June 17, 2024 ("TDNs"), Parent claims to have notified DOE of their objections to "the most recent proposed DOE Individualized Education Program ('IEP'), recommended program and school placement, for the [SY]," stating their intention to unilaterally place Student at iBrain for the remainder of the 23-24 SY and seek public funding for this unapproved private institution. Exh. I. Parent failed to provide sufficient supporting evidence; there is no proof in the record the letter was even delivered to the DOE.

26. So, the SRO should find the equities disfavor awarding relief as Petitioner "fail[ed] to raise the appropriateness of [Student's] IEPs in a timely matter] *S.W.*, 646 F. Supp. 2d at 362.

27. The SRO should in the alternative limit transportation to dates/times that Student used (should the SRO reach the issue of relief). Courts in this jurisdiction have held parents are only entitled to reimbursement of costs of "transportation services to and from the private program that were actually provided." *Araujo v. NYC Dep't of Educ.*, 2023 WL 5097982, at *2 (S.D.N.Y. Aug. 9, 2023) (emphasis added). See also Appeal No. 25-201. Thus, to the extent that the SRO finds that any relief is appropriate, it should be limited per the foregoing.

7

**AS AND FOR A FOURTH ANSWER/CROSS-APPEAL: THE IHO PROPERLY DENIED FUNDING FOR NURSING FOR THE 23-24 AND LIMITED FUNDING FOR THE 24-25 SCHOOL YEARS**

28.     The SRO should affirm the IHO finding that the record shows no evidence of the student receiving Nursing services for the 23-24 ESY. Decision. p. 6. IHO ordered all disclosures be submitted by April 15, 2025. IHO PHC Order p. 2 (para. 5). Here Parent did not adhere to this requirement, and in any event IHO found that there was no contract **nor testimony** to show receipt of services. Decision p. 6 (emphasis added).

29.     Parents request the SRO to consider the contract as additional evidence but has not produced it. RFR ¶19. Yet, even if the SRO considered it, there is nothing to show the appropriateness of any services provided, nor proof that it was provided. Parent could have reasonably provided the contract at the hearing but failed to do so.  Thus, the SRO should uphold the IHO's findings.

30.     The SRO should find that the record does not demonstrate the appropriateness of the nursing services provided for the 24-25 ESY. The record does not contain testimonial or documentary evidence, such as attendance, to show how any nursing services were tailored to C.P.'s needs nor actual receipt at school. Exh. A-V; Tr. 244-310. See Appeal No. 24-257. Thus, the SRO should reverse the IHO's finding on the nursing services.  In the alternative the SRO should affirm the IHO's finding that the nursing services for the 24-25 SY be at market rate.

**AS AND FOR A FIFTH CROSS-APPEAL: AN ORDER FOR PUBLIC FUNDED EVALUATIONS WERE NOT WARRANTED**

31.     The IDEA grants parents the right to obtain public funding of an IEE in limited circumstances. 20 U.S.C. § 1415(b)(1); 34 CFR 300.502; 8 NYCRR 200.5(g). [A] parent is entitled to a publicly funded IEE 'if the parent disagrees with an evaluation obtained by the public agency.'" *Id.* If the parent requests an IEE at public expense based on such disagreement, "the

public agency must, without unnecessary delay, either – (i) File a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) Ensure that an [IEE] is provided at public expense.'" 34 CFR 300.502(b)(2). The record shows ample and current evaluations and reports on Student for the IEP team's recommendation. Exh. 5, 13, 9 10, 21. Thus, the SRO should reverse the IHO's order of an AT evaluation and uphold the IHO's finding on IEEs.

### AS AND FOR A FIFTH ANSWER / CROSS-APPEAL: IHO WAS CORRECT IN DENYING COMPENSATORY EDUCATION

32.    Compensatory education is an equitable remedy that is tailored to meet the unique circumstances of each case." *Application of the New York City Dep't of Educ.*, Appeal No. 21-197, 15 (citing *E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 451 92D Cir. 2014). The purpose of compensatory education is not to penalize a school district for deprivation of FAPE. *Application of a Student with a Disability*, Appeal No. 19-026. Instead, "an award of compensatory education should aim to place the student in the position he or she would have been in had the district complied with its obligations under the IDEA." *Application of the New York City Dep't of Educ.*, Appeal No. 21-197, 16. Compensatory relief should be consistent with the standard set in *Rowley* that educational progress be commensurate with a student's needs and abilities and specially designed instruction should provide some educational benefit and not be aimed at maximizing a student's educational opportunity. *See M.C. ex rel. Mrs. C. C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 62 (2d Cir. 2000) *citing, Rowley*, supra at 3034.

33.    There was no parent witness testimony nor documentary evidence on the basis for any compensatory hours. Exh. A-V *See also* Tr. 270-295. Thus, the SRO should affirm the IHO's denial of compensatory education as the record does not establish a basis for such a claim.

## AS AND FOR A SIXTH ANSWER/CROSS-APPEAL: IHO ERRED IN FINDING IBRIAN THE OPERATIVE PENDENCY PLACEMENT AND CORRECT IN FINDING DOE THE PENDENCY TRANSPORTATION PROVIDER

34.     The Second Circuit generally defines pendency as the last agreed-upon and implemented IEP before the due process filing. Changes require mutual agreement or an unappealed FOFD. (*De Paulino*, 959 F.3d at 532). It generally requires a) a recently implemented IEP; b) agreement between parties; or, c) an unappealed FOFD. The operative placement doctrine applies only when the district has provided services, and the parent seeks to maintain them—not in unilateral placements. (*De Paulino*, 959 F.3d at 534). Here, the parent unilaterally placed the student at iBrain for 24–25 and now seeks pendency at iBrain. But *De Paulino* bars pendency in such cases. The proper pendency lies in the last uncontested IEP, and the IHO's concerns about the IEP's appropriateness have no bearing on what constitutes pendency. As there exists a valid pendency program (which Parent rejected with the unilateral placement), the SRO should reverse the IHO's finding pendency in iBrain. The IHO, however, correctly found that the DOE was the pendency transportation provider.

**WHEREFORE**, the DOE respectfully requests that the Office of State Review dismiss the Parent's RFR and sustain the DOE's cross-appeal.

Dated: July 22, 2025

Respectfully submitted,

Augustus K. Balasubramaniam, of Counsel
333 Seventh Avenue, 12th Floor
New York, NY 10001 / Tel:. 212-356-3724

State of New York   )

:SS.:

County of New York)

Augustus Balasubramaniam, Esq., being duly sworn, deposes and says that he is counsel for the Respondent, the New York City Department of Education, is familiar with the facts underlying this appeal, and has read the annexed Answer with Cross Appeal. That the statements in the foregoing Answer with Cross Appeal are true to his knowledge and belief, and as to the matters he believes to be true are based on his review of the documents in the hearing record and discussions with Department of Education personnel. Deponent further states that the reason why this verification is not made by Respondent is that it is a corporation.

Augustus Balasubramaniam, Esq

Sworn to before me, this
__22nd___ day of July 2025

Notary Public

Abigail Amy Hoglund-Shen
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02HO6424600
Qualified in Queens County
Commission Expires  November 1, 2025