THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Thomas Lindeman**
Phone: (212) 356-0418
tlindema@law.nyc.gov

August 10, 2026

**BY ECF**
Hon. Jesse M. Furman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Donohue, et al v. Samuels, et al,* 26-cv-5329 (JMF)

Dear Judge Furman:

I am a Senior Counsel in the office of Corporation Counsel Steven Banks, attorney for Defendants in the above-referenced action.

I write on behalf of both parties in connection with the Court's July 31, 2026 Order (ECF No. 54) to provide the parties' views on what remains of this matter.

**Defendants' Position**

First, Defendants write to inform the Court of certain factual errors made during the analysis of pendency for Plaintiffs Nicholls (26-cv-5638) and Peralta (26-cv-5405). While Plaintiff Nicholls and Student T.A-N. have previously received an unappealed order placing them at iBrain, that order has been superseded. The Plaintiff more recently sought placement at iHope, which was granted in a final and unappealed March 24, 2025 FOFD issued in IHO Case No. 283555. *See e.g., Nicholls et al v. Aviles-Ramos,* 25-cv-7569(JPO) (ECF No. 31-1). Since returning to iBrain, Plaintiff Nicholls has not received an order on the merits finding iBrain to be an appropriate placement for T.A-N. As such, iBrain is not the pendency placement for Plaintiff Nicholls.

Plaintiff Peralta alleges that pendency lies in an FOFD issued in Case No. 275795. However, further review indicates that FOFD was appealed by both parties and is still pending before the SRO. A copy of DOE's submission on cross-appeal is attached for reference. Because Plaintiff Peralta has no other order awarding placement at iBrain, Plaintiff Peralta's last agreed upon placement lies in a 2021 IEP.

A district court retains "the inherent authority to reconsider and modify its interlocutory orders." *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 905 F. Supp. 169, 177-78

(S.D.N.Y. 1995); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules."

I apologize for the oversight of the two proper orders for Plaintiffs Peralta and Nicholls. Those errors of fact, made in good faith during a significantly truncated discovery and briefing schedule, merit correction of the Court's findings. Neither Plaintiffs Nicholls or Peralta are entitled to pendency funding at iBrain, and to grant such funding when it cannot be recouped would be manifestly unjust. To the extent that Plaintiffs' interlocutory appeal limits this Court's ability to modify its prior order, Defendants raise those issues here so as to preserve them for further argument at a later date or for elevation to the Circuit as appropriate.

Next, as far as Defendants are aware, as of August 1, 2026, iBrain purports to be closed indefinitely. *See* ECF No. 55-1. If iBrain is not providing pendency services to any student at issue in these consolidated actions, Defendant contends that receipt of funding for services that are not being provided should be foreclosed by this Court. Defendant intends to fully comply with this Court's Order requiring funding for iBrain and its related service providers, but requests that this Court clarify that such funding for all students is conditioned upon proof that the students in question are attending iBrain and actually receiving services, as this Court has already done with transportation costs. ECF No. 56.

Beyond the issues detailed here, Defendants contend that no further issues remain to be resolved in these 54 actions pending the final resolution of Plaintiffs' appeal of the Court's July 31, 2026 Order to the Second Circuit, and that any claims not presently on appeal should be dismissed as more fully set forth in Defendants' pending motion to dismiss.

Defendants oppose Plaintiffs' request for the filing of a further status letter. Plaintiffs' contemplated further briefing would be duplicative of the currently pending motion to dismiss, and Plaintiffs' request for a status letter assuring compliance with the July 31, 2026 Orders seeks to place a date certain on compliance, which this Court has declined to do.

**Plaintiffs' Position**

Plaintiffs do not agree that any portion of the Complaint should be dismissed—and dismissal cannot, in any event, be effected through a status letter. The Court's July 31, 2026 Orders (ECF Nos. 54, 56) resolved Plaintiffs' motions for preliminary injunctions; they did not adjudicate any claim on the merits. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."). Defendants' motion to dismiss (ECF No. 38) is fully briefed and remains *sub judice*, and any request for dismissal should be resolved on that motion, informed by the Opinion the Court has stated will follow. Plaintiffs respectfully submit that next steps should account for Plaintiffs' pending interlocutory appeal while preserving the Court's retained authority to enforce and implement its existing orders and to adjudicate the claims that the July 31 Orders did not resolve.

**The Court retains jurisdiction to enforce and monitor implementation of its July 31, 2026 Orders**

Plaintiffs have appealed the Court's determinations concerning pendency placement, the denial of pendency for certain Plaintiffs, the absence of a date-certain payment deadline, and transportation funding. Plaintiffs do not ask the Court to revisit those determinations while the appeal is pending. The appeal, however, divests this Court of control only "over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), and the Court retains jurisdiction to enforce and supervise compliance with its orders while the appeal proceeds, *see N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989).

The Court's existing Orders require DOE to fund the pendency placements of the thirty-seven students for whom pendency was granted in accordance with DOE's ordinary payment procedures and, no later than August 14, 2026, to "confirm and implement concrete, student-specific OPT transportation arrangements equivalent to the services listed in each student's prior unappealed final order," with interim reimbursement of documented Sisters Travel costs until DOE does so. ECF No. 56, at 2. Plaintiffs therefore propose that DOE be directed to file, by August 21, 2026—one week after the Court's transportation deadline—a status report confirming, for each of the thirty-seven students: (1) the date and method of the tuition and nursing payments made to iBRAIN and B&H Healthcare; (2) the specific OPT transportation arrangements confirmed and implemented, including route information, pickup times, and a point of contact; and (3) the status of any reimbursement claims submitted for Sisters Travel. Plaintiffs should have a brief opportunity to respond to any disputed assertions concerning compliance. Concrete implementation disputes—for example, whether payments have in fact been made in accordance with DOE's "ordinary payment procedures," or whether the transportation arrangements in place after August 14 are operational and equivalent to the services required by the applicable prior orders—are enforcement matters within the Court's retained jurisdiction and require no modification of the Court's substantive rulings.

**The claims not resolved by the July 31, 2026 Orders should proceed**

The Complaint pleads five causes of action: violation of the IDEA's stay-put provision, 20 U.S.C. § 1415(j) (Count I); violation of N.Y. Educ. Law § 4404(4) and 8 N.Y.C.R.R. § 200.5(m) (Count II); deprivation of federally protected rights under 42 U.S.C. § 1983 (Count III); declaratory relief under 28 U.S.C. §§ 2201–2202 (Count IV); and municipal liability under *Monell* (Count V). It also seeks permanent injunctive relief and attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 1988. None of these claims was adjudicated by the July 31 Orders. They include Plaintiffs' requests for declarations that DOE may not condition pendency implementation on the issuance of a new IHO order where the pendency source is established, may not withhold all funding because it disputes a single component, and must implement pendency upon the filing of a due process complaint, as well as Plaintiffs' *Monell* claims directed to the policies and practices alleged to cause those violations. That relief is distinct from, and not subsumed by, the preliminary-injunction rulings now on appeal, and those claims may properly be adjudicated during the appeal's pendency, subject to the Court's disposition of Defendants' pending motion to dismiss.

Plaintiffs propose that the parties confer and submit a further joint letter by August 17, 2026—or, if the Court prefers, within one week of the issuance of the Court's forthcoming Opinion—proposing a schedule and an appropriate vehicle for resolution of the remaining claims. Given the substantial overlap in the legal issues presented, which led the Court to consolidate these actions for purposes of the preliminary-injunction motions, Plaintiffs propose that briefing of the common issues, including the *Monell* and declaratory-judgment claims, be coordinated across the consolidated actions, while preserving the differences among individual Plaintiffs' pendency sources and records.

**Defendants' requests to revise the Court's findings and to impose new funding conditions are not properly raised in a status letter**

A joint status letter is not a vehicle for amending the Court's findings or modifying its orders. If Defendants contend that the July 31 Orders rest on factual error as to Plaintiffs Nicholls and Peralta, the proper course is a noticed motion—for reconsideration under Local Civil Rule 6.3 or for relief under Rule 60—supported by a record and subject to full briefing; and any modification of injunctive relief while the appeal is pending is governed by Rules 62(d) and 62.1. Defendants' own authorities describe the Court's power to revisit interlocutory orders on motion; they do not suggest that findings may be revised through an informal submission. Plaintiffs do not concede Defendants' characterization of the administrative record for either student, note that the materials Defendants now invoke were available to Defendants throughout the expedited briefing schedule they requested, and reserve all rights with respect to these issues, including on appeal.

Defendants' request concerning iBRAIN's operational status seeks modification, not clarification. The closure Defendants invoke post-dates the July 31 Order—by Defendants' own account, iBRAIN closed as of August 1, 2026—and thus formed no part of the record on which the Court's Order rests. It entered the record only afterward, through Plaintiffs' July 31 letter attaching iBRAIN's notice to its families, Dkt. No. 55, and it remains undeveloped—nothing before the Court establishes the closure's cause, scope, or duration. The Order's direct payment is based on the amounts approved in the students' prior unappealed final orders, through DOE's ordinary payment procedures, and imposes no attendance-proof precondition—Dkt. No. 54; the only documentation requirement concerns interim Sisters Travel reimbursement. ECF No. 56, at 2. If either party believes post-Order developments warrant modification, the proper course is a noticed motion on a record developed for that purpose—not a status letter. In any event, iBRAIN's disruption cannot fairly be divorced from the sustained absence of the pendency funding at issue, and Defendants may not invoke the consequences of nonpayment to justify further nonpayment.

**Preservation**

Plaintiffs preserve for appellate review their challenges to the determinations made in the July 31 Orders, including as to the absence of a date-certain payment deadline, the denial of pendency for certain Plaintiffs, and transportation funding and OPT equivalency, and do not seek reconsideration of those determinations here. Plaintiffs likewise reserve the right to seek appropriate enforcement or other relief based on concrete developments, including if DOE's "ordinary payment procedures" produce material delay that jeopardizes students' placements, *see*

*Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023), or if the OPT transportation arrangements required by August 14, 2026 are not implemented or do not provide equivalent services.

**Conclusion**

Accordingly, Plaintiffs respectfully request that the Court: (1) permit the parties to submit a further joint letter by August 17, 2026, or within one week of the Court's forthcoming Opinion, proposing a coordinated briefing schedule for the remaining claims, including Plaintiffs' stay-put claims under federal and New York law, their *Monell* and declaratory-judgment claims, their requests for permanent injunctive relief, and attorneys' fees and costs; and (2) direct DOE to file, by August 21, 2026, a status report addressing its compliance with the Court's existing Orders as set forth above, with an opportunity for Plaintiffs to respond to any disputed implementation issues.

Thank you for Your Honor's consideration.

Respectfully,

/s__________________
Thomas Lindeman
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Cc: all attorneys of record (via ECF)

As to Plaintiffs Nicholls and Peralta, the Court agrees with Plaintiffs that the joint status letter is not a proper means to seek modification of the Court's July 31st Order - and that the pending appeal deprives the Court of jurisdiction to modify that Order as requested. That said, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, the Court may issue an indicative ruling with respect to Plaintiffs Nicholls and Peralta. Accordingly, if the DOE believes that modification is warranted, it shall, no later than August 17, 2026, file a motion seeking an appropriate indicative ruling; Plaintiffs shall file any opposition to such a motion by August 20, 2026; no reply may be filed absent prior leave of Court.

The Court will address the other issues raised in the parties' letter in its forthcoming opinion.

SO ORDERED.

August 11, 2026