UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patrick Donohue, et al

*Plaintiffs*,

-against-

Kamar H. Samuels, in his official capacity as the Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION

*Defendants*.

Case No. 26-cv-5329(JMF)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR AN INDICATIVE RULING**

**STEVEN BANKS**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
**NEW YORK, NEW YORK 10007**
**Thomas Lindeman**
**(212) 356-0418**

**Attorneys for Defendant**

## PRELIMINARY STATEMENT

Defendants Kamar H. Samuels and the New York City Department of Education ("DOE" or "Defendants") hereby submit this memorandum of law in support of their motion for reconsideration or modification of the July 31, 2026 Orders on Plaintiffs' Motion for a Preliminary Injunction, or an indicative ruling pursuant to Fed. R. Civ. P. 62.1. For the reasons more fully set forth below, this Court should state that it would modify its July 31, 2026 Order to correctly note that Plaintiffs Nicholls and Peralta are not entitled to pendency at iBrain for the 2026-2027 school year, and to further clarify that entitlement to pendency funding for all Plaintiffs at issue in these consolidated actions is predicated upon submission of documents showing that the Student-Plaintiffs are attending iBrain and receiving the pendency services for which they seek funding.

## LEGAL STANDARD

While the standard for granting reconsideration of a court's order is strict, "reconsideration may be granted because of 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*, No. 19-CV-8775 (JPO), 2021 U.S. Dist. LEXIS 183350, *2 (S.D.N.Y. Sept. 24, 2021) (quoting *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15 Civ. 9248 (NRB), 2016 U.S. Dist. LEXIS 162901 at *1-2 (S.D.N.Y. Nov. 10, 2016)). To succeed on a motion for reconsideration, a party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)). Additionally, Local Civil Rule 6.3 provides that, in seeking reconsideration of a court order denying a motion, the movant must "set[]

forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3.

Fed. R. Civ. P. 62.1 states that "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

## ARGUMENT

### 1. This Court Should Modify or Clarify its July 31, 2026 Order for Plaintiffs Peralta and Nicholls.

The Court's July 31, 2026 initial Order (ECF No. 53) and subsequent modification (ECF No. 56) concerned Plaintiff's request for a preliminary injunction finding pendency for each of the Plaintiffs in the consolidated action lies at iBrain and ordering direct funding to that school for the duration of the underlying administrative proceedings. However, a preliminary injunction is not set in stone. Rather, "An injunction is an ambulatory remedy that marches along according to the nature of the proceeding. It is executory and subject to adaption as events may shape the need, except where rights are fully accrued or facts are so nearly permanent as to be substantially impervious to change." *Sierra Club v. United States Army Corps of Engineers,* 732 F.2d 253 (2d Cir. 1984). "The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

Modification of the preliminary injunction is appropriate here in order to reflect the correct pendency placements for Plaintiffs Peralta and Nicholls. As detailed in the parties' August 10, 2026 letter, and previously in the parties' joint July 29, 2026 spreadsheet (ECF No. 51) Plaintiff

Peralta claims that the FOFD issued in Case No. 275795 forms the basis of pendency. However, further review indicates that FOFD was appealed by both parties and is still pending before the SRO. ECF No. 63-1. An FOFD that has been appealed cannot form the basis of pendency. *See e.g., Arlington Cent. Sch. Dist. V. L.P.,* 421 F.Supp. 2d 692 (S.D.N.Y. 2006) ("Once a pendency placement has been established, it can only be changed in one of four ways: (1) by an agreement of the parties; (2) by an *unappealed* decision of an IHO; (3) by a decision of a state review officer that agrees with the child's parents, or (4) by determination by a court on appeal from an SRO's decision.") (emphasis in original). Thus, Plaintiff Peralta's proper pendency placement lies in the last implemented IEP, created for the 2021-2022 school year.

Plaintiff Nicholls relies on an SRO decision issued in SRO Case No. 23-100 to argue that pendency lies at iBrain. However, Student T.A-N. attended iHope in the intervening years since that decision was issued. In fact, T.A-N.'s last unappealed order, issued in IHO Case No. 283555, found iHope to be an appropriate unilateral placement, and ordered DOE to fund iHope tuition. *See e.g., Nicholls et al v. Aviles-Ramos,* 25-cv-7569(JPO) (ECF No. 31-1)[1]. Accordingly, iHope is T.A-N.'s pendency placement – not iBrain.

Counsel for Defendants apologizes for the oversight that led to Plaintiffs' assertions of pendency going uncontested before this Court's original order was issued. In reviewing and opposing the pendency requests of the 54 consolidated Plaintiffs at issue here, Counsel inadvertently overlooked the correct basis of pendency for these two students, only realizing the error after the issuance of the July 31, 2026 orders. That error, made while opposing and advancing

[1] In *Nicholls,* Judge Oetken previously found that Plaintiffs Peralta and Nicholls were not entitled to pendency at iBrain. *See e.g., Nicholls,* 25-cv-7569(JPO) (ECF No. 52). The undersigned again apologizes for this oversight.

a significant number of overlapping motions and conducting significant expedited discovery, should not stand.

A district court retains "the inherent authority to reconsider and modify its interlocutory orders." *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. Of Physics*, 905 F. Supp. 169, 177-78 (S.D.N.Y. 1995); *see United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.") Here, given the exceedingly high cost of attendance at iBrain and the unrecoverable nature of pendency funding, the Court should utilize its inherent authority to modify its order and find that Plaintiffs Peralta and Nicholls are not entitled to pendency at iBrain for the 2026-2027 school year.

**2. <u>The Court Should Require Proof of Attendance at iBrain for Each Plaintiff to Receive Direct Funding</u>**

To the extent that the Court's July 31, 2026 Orders do not already do so, this Court should clarify that pendency funding for all Plaintiffs is predicated on those Plaintiffs actually attending iBrain and receiving services.

As noted in Exhibit A to Plaintiffs' July 31, 2026 letter (ECF No. 55) seeking modification of the Court's initial Order, iBrain stopped providing services to all students, including those students who this Court found had pendency at iBrain, as of August 1, 2026. At the time of writing, it appears that iBrain remains closed and has not re-opened, Further,t is not clear whether iBrain has any plans to re-open.

This Court has already found that any direct payment for transportation services provided by Sisters Travel and Transportation LLC should be predicated on evidence that those services were

actually used. ECF No. 56. That same requirement should apply to services rendered by iBrain. The Second Circuit has previously noted that "requiring receipts before reimbursement" is a "basic budgetary oversight measure." *Mendez v. Banks,* 65 F.4th 56 (2d. Cir. 2023). Here, that oversight measure is necessary to prevent iBrain from receiving millions of taxpayer dollars without providing any services to the students those funds are meant to support. Upon receipt of documentation showing that Students are attending iBrain and iBrain is actually providing services to the students at issue here, DOE will remit all necessary payments in the ordinary course. Absent that documentation, funding should be denied.

## CONCLUSION

Thus, for all the foregoing reasons, Defendants request that this Court modify its July 31, 2026 Orders as they relate to Plaintiffs Nicholls and Peralta and issue clarification requiring proof that the students at issue in these consolidated cases are receiving services from iBrain pursuant to pendency. To the extent that Plaintiffs' pending appeal limits this Court's ability to modify its prior Orders, Defendants request that the Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 noting the existence of these issues and stating that it would modify its order if the matter was remanded.

Dated: New York, New York
August 17, 2026

/s
Thomas Lindeman
*Assistant Corporation Counsel*

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that this brief complies with the word-count limitation of Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York. Excluding the cover page, caption, any index, table of contents, table of authorities, signature blocks, and required certificate, but including material contained in footnotes, this brief contains approximately 1,562 words, which is less than the total words of 8,750 permitted by Local Rule 7.1(c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated: New York, New York
August 17, 2026

/s

Thomas Lindeman
*Assistant Corporation Counsel*