UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK DONOHUE, *individually and as Parent and Natural Guardian of S.J.D.*,

Plaintiffs,

-v-

KAMAR H. SAMUELS et al.,

Defendants.

26-CV-5329 (JMF)
(and all consolidated cases)

ORDER

JESSE M. FURMAN, United States District Judge:

On August 24, 2026, Plaintiffs in these cases filed (1) a motion to vacate "portions" of the Court's August 21, 2026 Opinion and Order, *see* ECF No. 68, which was issued to explain the Court's bottom-line rulings of July 31, 2026, *see* ECF Nos. 54, 56; and (2) an "emergency" motion to stay "portions" of the August 21, 2026 Opinion and Order pending disposition of the motion to vacate, each supported by a thirty-two page memorandum of law. *See* ECF Nos. 70-73.[1] Plaintiffs also appear to have filed identical motions to vacate the August 21, 2026 Opinion and Order on the docket of each case that was consolidated with this one for the purposes of resolving the motions for emergency relief. *See, e.g.*, *Carrillo v. Samuels et al.*, No. 26-CV-5330 (JMF), ECF Nos. 17-18 (S.D.N.Y. Aug. 25, 2026). Notably in this case and all others, Plaintiffs

[1] For avoidance of doubt, the Court labeled its August 21, 2026 filing an Opinion *and Order* because it did go beyond merely explaining its bottom-line rulings of July 31, 2026, in some limited respects. For example, it addressed requests for relief made by Plaintiffs in the parties' joint letter of August 10, 2026, concerning enforcement and monitoring of the July 31, 2026 Orders and whether to proceed with litigation of Plaintiffs' other claims. *See* ECF No. 63 ("Joint Letter"); *see also* ECF No. 64 (endorsement noting that the Court would address those issues in its "forthcoming opinion"). As Plaintiffs conceded in the joint letter, the notices of appeal did not divest the Court of jurisdiction to address those matters. *See* Joint Letter 3-4.

do not seek any relief from the Court's bottom-line rulings of July 31, 2026. Nor could they, as they are presently challenging those rulings on appeal.

In light of the fact that Plaintiffs are not challenging the bottom-line rulings themselves, the Court is hard pressed to discern any "emergency." In any event, the DOE is entitled to time to respond to Plaintiffs' sixty-four pages of briefing, as repetitive as they may be — especially insofar as it is presumably dealing with Plaintiffs' appeals and has until September 3, 2026, to file a reply in further support of its motion for reconsideration and/or an indicative ruling. *See* ECF No. 69. Accordingly, the DOE shall file any opposition to Plaintiffs' motions — in the form of a single, consolidated memorandum of law not to exceed 10,000 words — by **September 10, 2026**. Plaintiffs may file a reply — also in the form of a single, consolidated memorandum of law, though not to exceed 4,000 words — by **September 17, 2026**.

The Clerk of Court need not docket this Order in all of the consolidated cases, but for avoidance of doubt, it applies to all of those cases.

SO ORDERED.

Dated: August 25, 2026
New York, New York

JESSE M. FURMAN
United States District Judge