UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patrick Donohue, *et al,*

*Plaintiffs*,

-against-

KAMAR H. SAMUELS, in his official capacity, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants*.

Case No. 26-cv-5329(JMF)

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS TO STAY AND VACATE THE COURT'S AUGUST 21, 2026 OPINION**

**STEVEN BANKS**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
**NEW YORK, NEW YORK 10007**
**Thomas Lindeman**
**(212) 356-0418**

**Attorneys for Defendants**

## PRELIMINARY STATEMENT

Defendants Kamar H. Samuels and the New York City Department of Education ("DOE" or "Defendants") submit this memorandum of law in opposition to Plaintiffs' dual motions to stay and vacate the Court's August 21, 2026 Opinion (ECF No. 68).

Plaintiffs' motions (ECF Nos. 70-74) center on the argument that this Court overstepped in issuing the August 21, 2026 Opinion providing a fuller explanation of the July 31, 2026 Orders (ECF Nos. 54, 56) which Plaintiffs are currently appealing to the Second Circuit. However, Plaintiffs' motion points to no findings made by this Court that are impermissible under controlling Second Circuit precedent. Plaintiffs' primary concern appears to be that this Court's opinion further expands on concerns raised by this Court on the record before the issuance of the June 30, 2026 TRO (ECF No. 18), again at oral argument on July 30, 2026, and finally in the Court's "bottom-line" order of July 31, 2026 that Plaintiff Patrick Donohue attempted to manufacture harm to each of the Plaintiffs in the 54 consolidated actions before this Court for an improper purpose.

For the reasons more fully stated below, Plaintiffs' motions should be denied.

## LEGAL STANDARD

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending an appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993).

"Absent an appeal, a district court has complete power over its interlocutory orders." *Ideal Toy Corp. v. Sayco Doll Corp,* 302 F.2d 623 (1962). "Once the appeal is taken, however, jurisdiction passes to the appellate court." An effective notice of appeal divests the district court

of its control over those aspects of the case involved in the appeal. However, a district court still may act in "aid of the appeal." *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989).

**ARGUMENT**

**1. This Court Should Deny Plaintiffs' Motion to Stay**

As an initial matter, Plaintiffs' motion to stay should be denied. Plaintiffs cannot meet the requirements for a stay pending appeal. More notably, however, it is not clear what Plaintiffs' proposed order would actually "stay."

Plaintiffs suggest that "DOE may argue that there is nothing to stay because ECF No. 68 supplies reasoning." ECF No. 71 p.7. Indeed, ECF No. 68 does supply more fulsome reasoning underlying the Court's July 31, 2026 Orders, and itself contains no other orders. Plaintiffs previously moved for a stay via letter motion of the first July 31, 2026 Order (ECF No. 54), which this Court denied.

Because ECF No. 68 contains no order which could be stayed, it is unclear what, if any, effect granting Plaintiffs' motion would yield. At most, Plaintiffs appear to be asking that the Court limit the ability of others to review and consider its thoughts and opinions in granting Plaintiffs' motion for a preliminary injunction in part and denying that motion in part as set forth in the August 21, 2026 Opinion. Because Plaintiffs cannot point to any harm, let alone the required irreparable injury, that would occur absent a stay, this failure alone dictates Plaintiffs' motion must be denied. *See In re Turner*, 207 B.R. 373, 375 (2d Cir. 1997) ("Failure to satisfy one prong of this standard for granting a stay will doom the motion.)."

Finally, because Plaintiffs have tied their stay request to "disposition of Plaintiffs' companion Motion to Vacate," (ECF No. 71. P.36) resolution of those motions in tandem obviates the need

for any stay, as resolution of the tandem motions will end any stay before it begins. Thus, Plaintiffs' motion should be denied.

**2. This Court Should Deny Plaintiffs' Motion to Vacate**

Plaintiffs' second motion requests that this Court "vacate ECF No. 68 insofar as it addresses, supplements, explains, relies upon, implements, or otherwise relates to the preliminary-injunction rulings embodied in ECF Nos. 54 and 56, including interconnected factual findings, evidentiary predicates, legal conclusions, reasoning, and directives bearing on those appealed rulings, while leaving untouched portions of ECF No. 68 wholly independent of them." ECF No. 73 p.37.

While Plaintiffs claim that they do not seek to have this Court "rewrite ECF No. 68 sentence by sentence," (*id.,* p.9) it is unclear what, if any, portions of ECF No. 68 would be left untouched by Plaintiffs' wide-ranging request for vacatur. Indeed, Plaintiffs acknowledge that this Court retains the authority to "explain determinations already made," (*id.* p.8) yet still seek to vacate the portions of the Opinion that "explains…ECF Nos. 54 and 56."

As an initial matter, this Court foresaw and responded to Plaintiffs' arguments in its' initial Opinion, stating:

> Although a notice of appeal ordinarily divests a district court of jurisdiction "with respect to issues decided in the order being appealed," *Satcom Intern. Grp. PLC v. Orbcomm Intern. Partners, L.P.*, 55 F. Supp. 2d 231, 234 (S.D.N.Y. 1999) (internal quotation marks omitted), LFLG's notice of appeal does not divest this Court of its authority to issue this Opinion and Order explaining its prior ruling. *See, e.g., League of United Latin Am. Citizens v. Abbott*, 708 F. Supp. 3d 870, 1231 n.1 (W.D. Tex. 2023) (Guaderrama, J., dissenting) (observing that, where a district court has issued a bottom-line order from which an appeal has been taken, the court may explain the reasoning behind the order but may not "substantively modify" it); *see also, e.g., In re Chevron Corp.*, 749 F. Supp. 2d 170, 174-75, 178-79 (S.D.N.Y. 2010) (suggesting that if a district court "rule[s] on [a discovery motion] by summary order, indicating that a full opinion [will] follow," but the losing party then appeals that summary order before the district court releases its full opinion, then the pending interlocutory appeal does not divest the district court of

> jurisdiction to issue the full opinion so long as it merely "expand[s] on the reasoning underlying the" order without "alter[ing] the order in any respect"), *aff'd sub nom. Lago Agrio Pls. v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010) (summary order).

ECF No. 68 at FN 10.

Plaintiffs' motion fails to raise a single issue not previously disposed of by this Court's footnote, and their request is untethered from controlling law as well as the substantive content of ECF No. 68, which serves only to explain the reasoning that led to the "bottom-line" Orders issued on July 31, 2026. Nothing in the Court's August 21, 2026 Opinion modifies the Court's prior substantive order. Instead, the Opinion serves only to "aid…the appeal" by providing the Court's reasoning underpinning the July 31, 2026 Orders.

Plaintiffs' reliance on jurisdictional caselaw obscures the issue before this Court, namely Plaintiffs' dissatisfaction with the underlying order. While a notice of appeal prevents a District Court from further rulings "over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982), nothing in ECF No. 68 modified the ECF Nos. 54 or 56 substantively. As the Second Circuit has held "[w}hile an effective notice of appeal, *see* Fed. R. App. P. 4(b), does divest the district court of its control over those aspects of the case involved in the appeal, a district court still may act in "aid of the appeal." *United States v. Nichols,* 56 F.3d 403 (2d Cir. 1995). *See also United States v. Milhouse,* 655 Fed. Appx. award, (ry order) (applying *Nichols* to determine that it was proper for the District Court to "eventually explain[] its reasoning when it denied reconsideration of its previous decision" after an appeal had been noticed.); *Maricultura Del Norte v. Worldbusiness Capital Inc.,* 2019 U.S. Dist. LEXIS 76149 (S.D.N.Y. 2019 (collecting cases) ("Accordingly, district courts have found the following…to constitute acts in aid of the appeal: (1) clarifying the amount of a sanctions

award, (2) clarifying the reasons for a prior oral ruling; and (3) correcting clerical errors.") (internal citations removed).

Even accepting that the jurisdictional issue raised by Plaintiffs has some bearing on the present issue, Plaintiffs' cited cases do not support their position. In *United States v. Bradley*, 105 F.4th 26 (2d Cir. 2024), the Circuit found that "we need not concern ourselves with whether the district court made findings of fact, clearly erroneous or otherwise, after it had been divested of its jurisdiction." In *United States v. Jacques,* 6 F.4th 337 (2d Cir. 2021), the Circuit discussed the appropriateness of a District Court "to reconsider and modify its order denying a Rule 36 motion [i.e., a motion under the Federal rules of Criminal Procedure to correct a clerical error], during the pendency of an appeal from that very order of denial." Neither case has any bearing on the issue pending before the Court, which is its ability to issue an explanatory opinion that does not alter the status quo of the matter on appeal. No guidance from any circuit prevents the issuance of such an opinion.

Nothing in ECF No. 68 goes beyond the scope of this Court's findings in ECF No. 54. That Order found, in relevant part:

> (1) notwithstanding the language in the enrollment agreement, Plaintiffs have failed to demonstrate that they will suffer irreparable harm absent an order requiring immediate payment or payment by a date certain; (2) issuing such an order would be contrary to the public interest as it would provide judicial imprimatur to a potentially collusive agreement that was drafted expressly for the purposes of evading the Second Circuit's decision in Mendez and, relatedly, would "frustrate the fiscal policies" of the state and not "comport[] with the practical realities of bureaucratic administration," Mendez, 65 F.4th at 63; and (3) that, in view of the fact that pendency payments cannot be recouped, the balance of hardships weighs in favor of the DOE, which has the prerogative to determine how to implement pendency in the first instance, see de Paulino, 959 F.3d at 533, and the duty "to implement basic budgetary oversight measures," Mendez, 65 F.4th at 63. More broadly, the Court finds, pursuant to its authority under the IDEA, that such an order would not constitute "appropriate" relief under the circumstances. 20 U.S.C. § 1415(i)(2)(C)(iii). In short, the Court concludes that Plaintiffs are not entitled to

> a preliminary injunction requiring the DOE to circumvent its ordinary payment procedures, let alone to make any payments by August 5, 2026.

ECF No. 54 p.3.

While Plaintiffs take issue with this Court's discussion in ECF 68 of the potentially collusive arrangement between Patrick Donohue and his companies iBrain, Plaintiff's Counsel Liberty and Freedom Legal Services, Sisters Travel and Transportation Services and the related services provider B&H Nursing Services, ECF No. 68 does not alter or change the prior holding cited above of a "potentially collusive agreement." The Court's discussion in ECF 68 regarding the arrangement between Patrick Donohue and the service providers at issue serves to further explain the Court's prior finding that the agreements at issue were "drafted expressly for the purposes of evading the Second Circuit's decision in Mendez."

Similarly, Plaintiffs' contention that the Court's discussion of the "historical practices between iBRAIN and Parents" goes beyond the text of ECF No. 54 is belied by this Court's prior finding that "notwithstanding the language in the enrollment agreement, Plaintiffs have failed to demonstrate that they will suffer irreparable harm absent an order requiring immediate payment or payment by a date certain." ECF No. 54 p.3. That same finding is clarified and explained by the Court's finding that "any harm Plaintiffs suffer as a result of the contracts would be entirely self-inflicted." ECF No. 68 p.37. That finding does not modify or alter ECF No. 54. Rather, it clarifies the facts in the record that led the Court to its eventual finding. Unlike Plaintiffs' cited authority, which uniformly concern District Courts examining and drawing conclusions from new facts and evidence or using existing evidence to modify prior orders under new legal theories(*see e.g., Ideal Toy Corp. v. Sayco Doll Corp.,* 302 F.2d 623 (2d. Cir. 1962) (the Circuit declining to vacate a preliminary injunction and declining to consider new evidence while an appeal was pending)), this

Court's opinion simply expounds upon and further explains the findings already set forth in ECF No. 54.

For the same reason, this Court's supposition that financing may have been available to iBrain is not a "new fact." This Court did not consider new evidence or cite information not available during the pending appeal, nor does the Court's opinion that financing may have been available to iBrain change or alter its prior decision as the court stated it was a possibility, rather than a fact that it was available.

Plaintiffs' remaining arguments concerning the 37 students this Court found were entitled to pendency services at iBrain do not seek to vacate the Court's Opinion but seek rather to reargue ECF Nos. 54 and 56. First, Plaintiffs argue that the record "undermines" the Court's suggestion that Plaintiffs engaged in bad faith by preemptively rejecting transportation services provided by the Office of Pupil Transportation ("OPT"). That argument appears to seek reconsideration of the Court's findings in ECF No. 54 and 56 that OPT was capable of providing transportation services. Similarly, Plaintiffs again appear to request that this Court engage in monitoring DOE's compliance with ECF No. 54 and 56, despite that request having previously been denied. ECF No. 73 pp.28-29. Defendants will respond more fully to those arguments in their opposition to Plaintiffs' request for an indicative ruling, but those arguments to renew are improper in the motion at bar.

None of Plaintiffs' arguments concerning the students who do not have pendency at iBrain fare any better. ECF No. 54 did not exclude the Court's finding that the proper pendency for the 14 "operative placement" Plaintiffs lay in prior implemented IEPs, it simply declined to accept Plaintiffs' theory in light of the Circuit's controlling decision in *De Paulino,* 959 F.3d 532 (2d. Cir. 2021). Plaintiffs' contention that this Court's citation to *Juca v. Banks*, No. 25-2327, 2026

WL 2435596 (2d Cir. Aug. 20, 2026) somehow invalidates any explanation offered by this Court is frivolous.

Finally, to the extent that Plaintiffs contest this Court's determination that DOE is entitled to seek documentation showing actual receipt of pendency services in line with its ordinary payment procedures, that dispute is also more similar to a motion for reconsideration than vacatur. Regardless of the procedural posture, however, the Court's statement that it does not consider DOE's requests for documents showing attendance and use of services to be outside of DOE's ordinary payment procedures. does not change the posture of the original order, which required DOE to make payments in the ordinary course of business and in accordance with its standard documentary requirements as required by *Mendez v. Banks,* 65 F.4th 56. *See also Crespo et al v. Aviles-Ramos et al,* 25-c-v7563 (ECF No. 69).

Finally, Defendants are aware that the Second Circuit has dismissed the appeals of Plaintiffs Blyumin, Cornett, De La Cruz, and Bautista. Thus, to the extent that those Plaintiffs argue that their appeals have divested this Court of jurisdiction, that argument is now moot.

Thus, Plaintiffs' request that this Court vacate its August 21, 2026 Order should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' requests to vacate and stay the August 21, 2026 Order and grant Defendants any such other relief the Court deems just and proper.

Dated: New York, New York
September 10, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*

By: /s____________________________
Thomas Lindeman
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
Tel. (212) 356-0418
tlindema@law.nyc.gov

**CERTIFICATION**

Counsel of record hereby certifies that this Memorandum of Law complies with the Local Rules of the United States District Court for the Southern District of New York, Rule 7.1(c), regarding the length of a Memorandum of Law in that, excluding the caption, table of contents, table of authorities, the signature block and any required certificates, this Memorandum of Law contains 2,648 words as calculated by Microsoft Word.

Dated: New York, New York
September 10, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*

By: /s________________________
Thomas Lindeman
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
Tel. (212) 356-0418
tlindema@law.nyc.gov