UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK DONOHUE, individually and as Parent and Natural Guardian of S.J.D.,

Plaintiffs,

-v-

KAMAR H. SAMUELS et al.,

Defendants.

---

26-CV-5329 (JMF)
(and all consolidated and related cases)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In these cases, familiarity with which is presumed, the Court granted in part and denied in part Plaintiffs' motions for a preliminary injunction, by bottom-line Order entered on July 31, 2026, *see* ECF No. 54, followed by a thorough Opinion and Order entered on August 21, 2026, *see* ECF No. 68. Notwithstanding the fact that Plaintiffs filed notices of appeal from the Court's bottom-line Order, *see* ECF No. 59, the parties thereafter filed various motions: Defendants filed a motion for reconsideration or, in the alternative, a motion for an indicative ruling concerning two Plaintiffs who were miscategorized by the parties in their briefing, *see* ECF No. 65; and Plaintiffs filed their own motion for reconsideration or an indicative ruling, *see* ECF No. 75, as well as a motion to vacate portions of the Court's August 21, 2026 Opinion and Order, *see* ECF No. 72, and a motion to stay those portions pending a ruling on the motion to vacate, *see* ECF No. 70. On September 29, 2026, the Court ruled on these motions from the bench, rulings that were memorialized in an Order the next day. *See* ECF Nos. 101, 109. In brief, the Court denied Defendants' motion for reconsideration but granted their alternative request for an indicative ruling, and it denied all of Plaintiffs' motions in their entirety. *See* ECF No. 101.

On October 14, 2026, Plaintiffs filed a motion for reconsideration of those rulings. ECF No. 111. That is, Plaintiffs seek reconsideration of the Court's rulings on prior motions for reconsideration — even as they are appealing from the Court's original rulings and original denials of their motions for reconsideration. Making matters worse, Plaintiffs' motion either rehashes — in some places nearly verbatim — arguments that were made and rejected in their last round of motions and opposition to Defendants' motion, or it makes new arguments that could have been made in those earlier filings. *Compare* ECF No. 113 with ECF Nos. 67, 71, 73, 76, 89, 97. In either case, Plaintiffs provide no valid grounds for reconsideration. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)). Accordingly, the motion is DENIED.

The Court cautions Plaintiffs' counsel that it is rapidly losing patience with their litigation tactics in these cases, just as it has in others. *See, e.g.*, *Fiallos v. Samuels*, No. 25-CV-7281 (JMF), 2026 WL 2969644 (S.D.N.Y. Oct. 2, 2026). Nor is this Court alone. *See, e.g.*, *Juca v. Samuels*, No. 25-2957, 2026 WL 2836538, at *3 n.2 (2d Cir. Sept. 22, 2026) (summary order) ("We note this appeal is the latest in a string of meritless cases by plaintiffs' counsel seeking preliminary or emergency relief under the IDEA."). As noted, Plaintiffs have appealed this Court's prior rulings to the Court of Appeals, as is their right. That is now the appropriate forum for Plaintiffs' merits arguments, and they would be well advised to direct their energy and attention to those appeals rather than to filing further duplicative motions for reconsideration

here — especially insofar as any motion for reconsideration of this ruling would constitute a motion for reconsideration of the Court's denial of their motion for reconsideration of the Court's denial of their prior motions for reconsideration. To put a finer point on it: Plaintiffs are cautioned that further frivolous or repetitive motions for reconsideration (or the equivalent) in this Court will almost certainly result in sanctions. *See, e.g.*, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.").

The Clerk of Court is directed to docket this in all related cases and to terminate ECF No. 111 in 26-CV-5329 (JMF).

SO ORDERED.

Dated: October 19, 2026
New York, New York

JESSE M. FURMAN
United States District Judge