LIBERTY & FREEDOM
LEGAL GROUP, LTD

October 19, 2026

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: ***Donohue v. Samuels*, No. 26-cv-5329 (JMF) (KHP) (and all consolidated cases) — Letter-Motion to Hold Plaintiffs' Time to Oppose Defendants' Motion to Stay (ECF Nos. 107–108) in Abeyance Pending Decision on Plaintiffs' Motion for Reconsideration (ECF Nos. 111–113), or, in the Alternative, for a One-Day Extension**

Dear Judge Furman:

As you are aware, this firm represents Plaintiffs in these consolidated actions. I write to request that the Court hold in abeyance Plaintiffs' time to oppose Defendants' Motion to Stay (ECF Nos. 107–108) until the Court decides Plaintiffs' pending motion for reconsideration of the Court's September 30, 2026 Order (ECF Nos. 111–113). If the Court is not inclined to do so, Plaintiffs respectfully request one additional day to file their opposition after the Court denies the application.

Defendants ask the Court to stay its July 31, 2026 Orders (ECF Nos. 54, 56) as they relate to the plaintiffs in *Nicholls v. Samuels*, No. 26-cv-5638, and *Peralta v. Samuels*, No. 26-cv-5405. Their showing on likelihood of success rests on the indicative ruling in the September 30 Order. ECF No. 108 at 2, 4. Plaintiffs' motion for reconsideration, filed October 14, 2026, asks the Court to revisit that ruling. ECF Nos. 111–113. The two motions therefore turn on the same question. If the Court grants reconsideration, the premise of the stay motion falls away. If it denies reconsideration, Plaintiffs will oppose the stay on a settled record. Deciding the reconsideration motion first would spare the Court a second round of briefing on overlapping issues and avoid the risk of inconsistent rulings.

Accordingly, Plaintiffs respectfully propose to file any opposition that remains necessary within seven days after the Court decides the reconsideration motion. If the Court prefers to decide the two motions together, Plaintiffs request a single additional day to respond to the Defendants' motion to stay.

Plaintiffs thank the Court for its consideration of this request.

Respectfully submitted,

*Jeffrey Arlen Spinner*

Jeffrey Arlen Spinner, Esq.

cc: Thomas Lindeman, Esq. (via ECF)
Nicholas R. Tambone, Esq. (via ECF)

Because this filing was docketed within minutes of the Court's Memorandum Opinion and Order denying Plaintiffs' motion for reconsideration, *see* ECF No. 115, it is moot. It was also untimely. Per the Court's rules, requests for extensions must be made at least 48 hours prior to the filing deadline. Plaintiffs provide no explanation for why they waited five days and three business days after their motion for reconsideration to seek a stay. For both of these reasons, the application is DENIED. Plaintiffs' opposition to the motion to stay remains due by **October 19, 2026, at 11:59 p.m.** The Clerk of Court is directed to terminate ECF No. 114.

SO ORDERED.

October 19, 2026